UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVRAM L. GOTTLIEB,<br><br>    Petitioner,<br><br>    v.<br><br>STEVEN JOHNSON,<br><br>    Respondent. | Civil Action No. 16-4213(FLW)<br><br><br><br>MEMORANDUM & ORDER |

This matter having been opened to the Court by Petitioner Avram L. Gottlieb's ("Petitioner") filing of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), a submission entitled "Motion to Recuse the Attorney General of New Jersey", and a "Certification in Support of Motion to Recuse the Attorney General of New Jersey." (ECF Nos. 1-2, 1-3.) Petitioner subsequently filed a "Motion to Produce and Request for Oral Argument on Petitioner's Motion to Recuse" and a "Motion to Produce the Petitioner and Compel the State's Response" (ECF Nos. 4, 6, which are related to his recusal motion). It appearing that:

   1. In the "Motion to Recuse" and related filings (ECF Nos. 1-2, 1-3, 4, 6), Petitioner and Marquis Kennon seek the recusal of the New Jersey Attorney General's Office from the instant matter and in Civil Action Number 16-756, which is a habeas petition brought by Mr. Kennon that is currently pending before the Honorable Brian R. Martinotti, U.S.D.J. The motion and certification are signed by both Petitioner and Mr. Kennon. (ECF Nos. 1-2, Motion to Recuse at 2; ECF No. 1-3 Certification in Support of Motion to Recuse at 34.) Petitioner and Mr. Kennon contend that recusal of the New Jersey Attorney General's Office is necessary due to "the arrest and conviction of Somerset County New Jersey Prosecutor Nicholas Bissell by federal

1

authorities, for some 35 counts of racketeering." According to Petitioner and Mr. Kennon, "Bissell was responsible for the entire pre-indictment investigation" of their underlying criminal cases and "for clearing" the person(s) the defense claimed were responsible for criminal actions for which Petitioner and Mr. Kennon were convicted. (ECF No. 1-2, Motion to Recuse at 2.) It appears that Petitioner and Mr. Kennon also seek to have Somerset County Prosecutors F. Peter DeMarco and Matthew Murphy disqualified for their involvement in the pretrial investigation and prosecution of Petitioner's and Mr. Kennon's criminal cases. The certification in support of the recusal motion provides alleged instances of misconduct by Bissell and other members of the Somerset County Prosecutor's Office during the investigation, grand jury, pretrial, trial, and post-trial proceedings in Petitioner's and Mr. Kennon's criminal cases. (*See generally* ECF No. 1-3.) The Court notes that these alleged instances of misconduct also appear to form the factual basis for one or more of Petitioner's claims for habeas relief.

2. The Court will deny with prejudice the motion to recuse with respect to Mr. Kennon, as this Court may not issue orders or grant relief in a civil action assigned to another district judge.[1]

3. The Court will also deny without prejudice Petitioner's motion to recuse the New Jersey Attorney General's Office and the related motions at this time. (ECF Nos. 1-2, 4, 6). Because recusal is generally limited to judicial officers, *see* 28 U.S.C. § 455(a) (judges should recuse themselves "in any proceeding in which [their] impartiality might reasonably be questioned"), the Court construes Petitioner's motion as seeking disqualification of the New Jersey Attorney General's Office and/or the Somerset County Prosecutor's Office. Local Civil Rule 103.1 provides that the Rules of Professional Conduct ("RPC") of the American Bar Association, as

---

[1] It appears that Mr. Kennon also filed the motion to recuse in Civil Action No. 17-756 (*See* Civ. Act. No. 16-756, ECF No. 5.) That motion was recently denied by Judge Martinotti. (Civ. Act. No. 16-756, ECF No. 17.)

revised by the New Jersey Supreme Court, governs the conduct of members of the bar admitted to practice in the District of New Jersey. L. Civ. R. 103.1(a). "Disqualification of counsel is a harsh remedy which must be used sparingly." *Cavallaro v. Jamco Prop. Mgmt.*, 334 N.J. Super. 557, 572 (App. Div. 2000); *see also United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) ("Although disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification never is automatic."); *Wyeth v. Abbot Labs.*, 692 F. Supp. 2d 453, 457 (D.N.J. 2010) (noting that, in considering disqualification, courts should "carefully examine the totality of the circumstances, taking a balanced approach that includes evaluating the impact, nature and degree of a conflict."). Thus, the movant bears the burden of proving that disqualification is appropriate in light of the applicable Rules. *Id.*

4. From the outset, the New Jersey Attorney General's Office is a party to this action, *i.e.*, the Respondent, and, thus, cannot be "recused" or disqualified. To the extent Petitioner's motion can be construed as seeking to disqualify the Somerset County Prosecutor's Office from representing the New Jersey Attorney General's Office in this matter, Petitioner has failed to meet his burden of proving that disqualification of the Somerset County Prosecutor's Office is appropriate based on his allegations of past misconduct by individual members of that Office. Furthermore, to extent Petitioner seeks to disqualify individual members of the Somerset County Prosecutor's Office from representing Respondent in this action, that motion is at best premature, as Respondent has not yet been served with the Petition or referred the matter to the Somerset County Prosecutor's Office, and attorneys from the Somerset County Prosecutor's have not yet entered an appearance on behalf of Respondent. For these reasons, Petitioner's motions seeking recusal of the New Jersey Attorney General's Office (ECF Nos. 1-2, 4, 6) are denied without prejudice at this time.

5.  Because Petitioner has paid the filing fee and declared that this Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition (ECF No. 1, Pet. at 97), the Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), and concluded that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief …." As such, the Court will Order Respondent to file an Answer to the Petition at this time.

IT IS on this 29th day of March, 2017,

ORDERED that the Motion to Recuse the Attorney General of New Jersey in Civ. Act. No. 16-756 is denied WITH PREJUDICE as to Marquis Kennon for the reasons stated in this Memorandum and Order; and it is further

ORDERED that the Motion to Recuse the Attorney General of New Jersey in this matter and the related motions (ECF Nos. 1-2, 4, 6) are denied WITHOUT PREJUDICE as to Petitioner for the reasons stated in this Memorandum and Order; and it is further

ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

ORDERED that, where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

ORDERED that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant federal law; and it is further

ORDERED that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect

5

to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX"** or

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

                                              _/s/ Freda L. Wolfson_____
                                              Freda L. Wolfson,
                                              United States District Judge